## ALLRED v. TATE.

1. When by the prayers contained in an equitable petition a rescission of a particular contract is sought, the fact that such petition bases the right to rescission on two distinct grounds does not render the petition objectionable as being multifarious ; and this is true although one of the grounds alleged is fraud and misrepresentation in procuring the execution of the contract, and the other is that defendant had no title to the property which was the subject-matter of the contract.

2. The allegations in the petition, when considered with the prayer, did not render the petition, or any part thereof, an action of deceit.

3. The trial judge erred in compelling an election by the plaintiff as to which of the two grounds for rescission he would rely on, and in dismissing the petition on the failure of the plaintiff to make such election.

Submitted March 2, — Decided May 25, 1901.

Equitable petition. Before Judge Gober. Pickens superior court. August 13, 1900.

*C. D. Phillips, E. Faw, S. A. Darnell, W. T. Day, Z. D. Harrison,* and *Shepard Bryan,* for plaintiff. *Clay & Blair, R. N. Holland, Teasley & Hutcherson,* and *S. R. Atkinson,* for defendant.

LITTLE, J. Allred filed a petition in the superior court of Pickens county against Tate, in which he tendered to the defendant a reconveyance of the mineral and marble interest in certain lands which theretofore Tate had conveyed to him under a contract of purchase, and prayed that the contract under which the purchase had been made be by decree of the court rescinded, and that he have a judgment recovering certain sums of money and certain specific property paid and turned over to Tate as the consideration of such contract of purchase. This petition and prayer was based on two grounds. First, it is alleged that Tate procured the execution of the contract of purchase by fraud, and by colluding with one Mallard, who fraudulently and by misrepresentations induced Allred to purchase the land from Tate, in the doing of which Mallard was the agent and representative of Tate. Second, that, at the time Tate sold and conveyed to petitioner the mineral and marble interest, Tate had no valid title to the land. It is not necessary, from the view we take of the case, to set out in detail the acts of fraud which are alleged in the petition, to which the defendant filed certain demurrers. The first, a general demurrer, alleged that the petition set forth no such cause of action as entitled petitioner to any

relief against the defendant; the second was a general demurrer to certain specified paragraphs of the petition, alleging that the matter contained therein was not pertinent or relevant to the other allegations in the petition, and should therefore be stricken; and a third ground of demurrer was in these words: "Defendant further demurs and moves to dismiss said suit, because misjoinder of action, one count being an action *ex delicto* and the other count *ex contractu.*" At the hearing the trial judge ruled that the petitioner should elect "upon which count in the petition he would proceed to trial, to wit: the action of deceit, or failure of title." The order dismissing the petition follows in this language: "Petitioner's counsel having refused in open court to make the election and comply with the order of court, the demurrer is hereby sustained." The bill of exceptions assigns as error the decision of the judge requiring the election, and the order sustaining the demurrer. It will be observed that the trial judge nowhere construed or passed upon the question whether the petition did or did not set out a cause of action, nor whether certain specified paragraphs of the petition should be stricken because they were not pertinent or relevant to the other allegations in said petition. In ordering an election by the plaintiff as to which of the two "counts" he would rely on for a decree in his favor, the trial judge evidently considered only the point made, that there was a misjoinder of actions; and when, in effect, he ruled that there was a misjoinder and held that it was a case for election, he did not in any manner construe or pass on the merits of the case made by the allegations of the petition, and we are without his judgment on the legal sufficiency of such allegations. The real objection considered by the judge was that the petition was multifarious, which is a "blending in one bill in equity matters which in their nature are distinct and independent" (Anderson's Law Dic.), as well as that it came under that rule which forbids the joining in one action causes arising *ex delicto* and those arising *ex contractu.* Inasmuch as the trial judge did not consider or pass upon the merits of the case made by the petition, nor whether there was a good cause of action set out, we will not do so, but confine ourselves to the question passed upon by him.

It is our opinion that the petition was not multifarious, and that none of the allegations therein made can be so construed as to characterize the action as one of deceit. If this construction be

correct, it will follow that the trial judge erred in ordering the petitioner to elect upon which "count" he would proceed to trial. The prayer of the petition, which indicates the character of the action, is, that by a decree the contract for the purchase of the mineral and marble interest in certain lands be rescinded. The causes which petitioner claims are sufficient to authorize this rescission are two: fraud by, and want of title in, the other party to that contract. Petitioner says that he is entitled to such rescission on each of these grounds; and while they are totally distinct and separate, their incorporation in one petition does not make the petition multifarious. The object of the petition is to cause a rescission of the contract; and we know of no reason why any number of separate and distinct grounds may not be set out and urged in one petition to cause this result. The allegations as to each seek but one end — the rescission of the contract; and if for all or any one of the reasons set out the petitioner is entitled to such a decree, it would be so ordered. The allegations simply set up two reasons why the decree plaintiff prays for should be rendered. The *matters* set up are multifarious, but that, of itself, does not afford a legal objection to the petition. Judge Story, in his work on Equity Pleading (10th ed.), 271, says: "There may be cases in which multifarious matters of distinct natures may be involved in the bill; and yet, from the objects of the bill, the objection of multifariousness, as to a particular defendant, ought not to prevail. . . So, if the bill should contain several matters, all of which may come into consideration (as, for example, on taking an account) as prayed; for, although relief may ultimately be given in respect to some of them only, yet the bill will not be deemed multifarious." We also think that the trial judge erred in ruling that any of the allegations of the petition made an action of deceit. As we have seen, the main prayer of the petition was that the contract should be rescinded. The additional prayers have direct reference to a decree of rescission; that is, that the deeds be cancelled, that uncollected notes be restored, and that judgment be rendered in his favor for the purchase-price which he has paid; these are incident to, and follow, a decree of rescission where money has been paid and title to land conveyed under the contract; and neither the prayers of the petition nor any allegations thereof are sufficient to characterize any part of the petition as an action for deceit. This being true, no cause for

election existed, and the trial judge erred in dismissing the petition because of the refusal to so elect.

*Judgment reversed. All the Justices concurring.*